UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOHN G. HOULE,

                              Plaintiff,

v.                                                                 1:05-CV-0999
                                                                   (GHL)
COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.
_____

APPEARANCES:                                            OF COUNSEL:

OFFICE OF PETER M. MARGOLIUS, ESQ.          PETER M. MARGOLIUS, ESQ.
Counsel for Plaintiff
7 Howard Street
Catskill, NY 12414

HON. GLENN T. SUDDABY                              WILLIAM H. PEASE, ESQ.
United States Attorney for the                        Assistant United States Attorney
   Northern District of New York
Counsel for Defendant
P.O. Box 7198
100 S. Clinton Street
Syracuse, New York 13261-7198

GEORGE H. LOWE, United States Magistrate Judge

### MEMORANDUM DECISION AND ORDER[1]

I.        BACKGROUND

     A.        Procedural History

          Plaintiff filed an application for disability insurance benefits on January 27, 2004.

(Administrative Transcript ("T") at 64-66.)  The application was denied and Plaintiff requested a

hearing before an Administrative Law Judge ("ALJ") which was held on February 1, 2005.  (T. at

_____

          [1]        This matter is before the Court by consent of both parties.  (Dkt. No. 13.)

249-265.)  On March 17, 2005, the ALJ issued a decision finding that Plaintiff was not disabled. (T. at 16-22.)

Plaintiff appealed to the Appeals Council, and the ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review on March 17, 2005.  (T. at 13-15.)  Plaintiff commenced this action on August 8, 2005.  (Dkt. No. 1.)

**B.     The Contentions**

Plaintiff makes the following claims:

(1)     The ALJ erred in evaluating the medical evidence regarding Plaintiff's back impairment.  (Dkt. No. 8 at 3-4.)

(2)     The ALJ erred in evaluating the medical evidence regarding Plaintiff's mental impairments.  (Dkt. No. 8 at 4-5.)

Defendant contends that the ALJ's decision is supported by substantial evidence and thus should be affirmed.  (Dkt. No. 11.)

**II.     APPLICABLE LAW**

**A.     Standard for Benefits**

To be considered disabled, a plaintiff seeking disability insurance benefits or SSI disability benefits must establish that he is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A) (2004).  In addition, the plaintiff's

physical or mental impairment or impairments [must be] of such

2

> severity that he is not only unable to do his previous work but
> cannot, considering his age, education, and work experience,
> engage in any other kind of substantial gainful work which exists
> in the national economy, regardless of whether such work exists in
> the immediate area in which he lives, or whether a specific job
> vacancy exists for him, or whether he would be hired if he applied
> for work.

42 U.S.C. § 1382c(a)(3)(B) (2004).

Acting pursuant to its statutory rulemaking authority (42 U.S.C. §§ 405(a), 1383(d)(1)),

the Social Security Administration ("SSA") has promulgated regulations establishing a five-step

sequential evaluation process to determine disability.  20 C.F.R. § 416.920 (2006).  "If at any step

a finding of disability or non-disability can be made, the SSA will not review the claim further."

*Barnhart v. Thomas*, 540 U.S. 20, 24 (2003).

> At the first step, the agency will find non-disability unless the
> claimant shows that he is not working at a "substantial gainful
> activity."  [20 C.F.R.] §§ 404.1520(b), 416.920(b).  At step two,
> the SSA will find non-disability unless the claimant shows that he
> has a "severe impairment," defined as "any impairment or
> combination of impairments which significantly limits [the
> claimant's] physical or mental ability to do basic work activities."
> [20 C.F.R.] §§ 404.1520(c), 416.920(c).  At step three, the agency
> determines whether the impairment which enabled the claimant to
> survive step two is on the list of impairments presumed severe
> enough to render one disabled; if so, the claimant qualifies.  [20
> C.F.R. §§] 404.1520(d), 416.920(d).  If the claimant's impairment
> is not on the list, the inquiry proceeds to step four, at which the
> SSA assesses whether the claimant can do his previous work;
> unless he shows that he cannot, he is determined not to be
> disabled.[]  If the claimant survives the fourth stage, the fifth, and
> final, step requires the SSA to consider so-called "vocational
> factors" (the claimant's age, education, and past work experience),
> and to determine whether the claimant is capable of performing
> other jobs existing in significant numbers in the national
> economy.[]  [20 C.F.R.] §§ 404.1520(f), 404.1560(c), 416.920(f),
> 416.9630(c).

*Barnhart v. Thomas*, 540 U.S. at 24-25 (footnotes omitted).

The plaintiff-claimant bears the burden of proof regarding the first four steps. *Serrano v. Barnhart*, Civ. No. 02-6372, 2003 WL 22683342, at *11 (S.D.N.Y. Nov. 14, 2003). If the plaintiff-claimant meets his or her burden of proof on all four steps, the burden then shifts to the defendant-Commissioner to prove that the plaintiff-claimant is capable of performing other jobs which exist in significant numbers in the national economy. *Id.* (citing *Barnhart v. Thomas*, 540 U.S. at 25; other citations omitted).

**B.    Scope of Review**

In reviewing a final decision of the Commissioner, a court must determine whether the correct legal standards were applied and whether substantial evidence supports the decision. *Brown v. Barnhart*, Civ. No. 02-4523, 2003 WL 1888727, at *4 (S.D.N.Y. Apr. 15, 2003); *Serrano v. Barnhart*, 2003 WL 22683342, at *10; *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992) (citing *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987)). A reviewing court may not affirm an ALJ's decision if it reasonably doubts whether the proper legal standards were applied, even if the decision appears to be supported by substantial evidence. *Johnson*, 817 F.2d at 986. In addition, an ALJ must set forth the crucial factors justifying his findings with sufficient specificity to allow a court to determine whether substantial evidence supports the decision. *Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1984).

A court's factual review of the Commissioner's final decision is limited to the determination of whether there is substantial evidence in the record to support the decision. 42 U.S.C. § 405(g) (2005); *Rivera v. Sullivan*, 923 F.2d 964, 967 (2d Cir. 1991). "Substantial evidence has been defined as 'such relevant evidence as a reasonable mind might accept as

adequate to support a conclusion.'"  *Williams on behalf of Williams v. Bowen*, 859 F.2d 255, 258

(2d Cir. 1988) (citations omitted).  It must be "more than a scintilla" of evidence scattered

throughout the administrative record.  *Serrano*, 2003 WL 22683342, at *10; *Richardson v.

Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197

(1938)).  "To determine on appeal whether an ALJ's findings are supported by substantial

evidence, a reviewing court considers the whole record, examining the evidence from both sides,

because an analysis of the substantiality of the evidence must also include that which detracts

from its weight."  *Williams*, 859 F.2d at 258.  However, a reviewing court cannot substitute its

interpretation of the administrative record for that of the Commissioner if the record contains

substantial support for the ALJ's decision.  *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir.

1972); *see also Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

## III.    THE PLAINTIFF

Plaintiff was born on April 11, 1954.  (T. at 64.)  He graduated from high school and

attended one year of college.  (T. at 74-75.)  Plaintiff previously worked as a journeyman

pressman for a newspaper.  (T. at 78.)  Plaintiff alleges disability due to back pain, schizophrenia,

and depression.  (Dkt. No. 8 at 1-2, T. at 70.)

## IV.    THE ALJ'S DECISION

The ALJ found that: (1) Plaintiff had not engaged in substantial gainful activity since

June 29, 1991 (T. at 21); (2) Plaintiff has severe musculoskeletal and mental impairments which

do not meet or equal the level of severity of any impairments contained in Appendix 1 to Subpart

P of Part 404 (*Id.*); (3) Plaintiff's impairments prevent him from performing his past relevant

work (*Id.*); (4) Plaintiff has the residual functional capacity ("RFC") to perform a full range of

light work activity (*Id.*); and (5) based upon Plaintiff's RFC and vocational background, Rule

202.21 of the Medical-Vocational Guidelines (the "Grid") requires a finding of not disabled (T. at

22).

## V.      DISCUSSION

### A.      Was the ALJ's Finding Regarding Plaintiff's RFC Proper?

Plaintiff generally argues that the ALJ improperly evaluated medical evidence concerning

Plaintiff's physical and mental impairments.[2]  (Dkt. No. 8 at 3-5.)  Within this general argument,

Plaintiff asserts several more specific contentions, however these will not be addressed by the

Court.  Instead, the Court orders remand for the general proposition asserted by Plaintiff (that the

ALJ erred in evaluating the medical evidence), but for a reason not raised by Plaintiff.

In evaluating the medical evidence, the ALJ discussed, *inter alia*, a report by Esther

Wylen, M.D., a neurologist, who examined Plaintiff on March 28, 2004.  (T. at 180.)

In his decision, the ALJ stated, "I have therefore given Dr. Wylen's opinion, a treating source

from the Veteran's Administration, controlling weight in assessing the claimant's residual

functional capacity in accordance with 20 CFR 404.1527."  (T. at 19.)  The Court has reviewed

the record and it is unclear how the ALJ could have considered Dr. Wylen to be a treating source

because Dr. Wylen only saw Plaintiff once.  The record presented to this Court only contains this

single report from Dr. Wylen's sole examination of Plaintiff on March 28, 2002.  (T. at 180-181,

copy at 191-192.)

The Code of Federal Regulations ("CFR") defines a treating source as a claimant's "own

_____

[2]      The Court notes that Plaintiff's brief is far from a model of clarity, and the
"Argument" section does not contain a single citation to legal authority to support his positions.

6

physician, psychologist, or other acceptable medical source who provides [the claimant] or has provided [the claimant], with medical treatment or evaluation and who has, or has had, an *ongoing treatment relationship* with [the claimant]."  20 C.F.R. § 404.1502 (2006) (emphasis added).  Based upon the record before this Court, it is unclear how one visit could be considered an "ongoing treatment relationship" and the ALJ failed to explain his decision in this regard.

To the extent that the ALJ considered Dr. Wylen a treating source because she was a physician at the Veteran's Administration, the facility where Plaintiff received treatment, this would be in error.  *See Rivera v. Sullivan*, 727 F. Supp 137, 142 n.3 (S.D.N.Y. 1989), *rev'd on other grounds*, 923 F.2d 964 (2d Cir. 1991) ("Plaintiff also argues that the clinic itself should be recognized as plaintiff's 'treating source' for purposes of the treating physicians rule . . . .  This argument completely overlooks the fact that a treating physician's opinion is given extra weight because of the doctor's *personal* knowledge of and involvement with his or her patient.  A doctor who practices at a clinic does not become a treating physician with respect to every patient who has ever been treated by any doctor at the same clinic merely because of his association with that clinic.") (emphasis in original).

The ALJ does not explain why he considered Dr. Wylen to be a treating source and what qualified her to be one.  Furthermore, it is notable that Dr. Wylen did not render an opinion as to Plaintiff's ability to perform work-related activities.  In fact, there are no opinions regarding Plaintiff's RFC contained in the record and it is unclear what the ALJ based his RFC on, thus remand is appropriate.  The ALJ found that Plaintiff "had the residual functional capacity to sit, stand and walk for six hours each [day] with normal breaks and lift 10 pounds frequently and 20 pounds occasionally prior his date last insured of December 31, 1996."  (T. at 20.)  However this

Court cannot determine whether substantial evidence supports the ALJ's finding because he has not explained what evidence he relied upon in determining Plaintiff's RFC.

**WHEREFORE,** it is hereby

**ORDERED**, that this matter be remanded[3] to the Commissioner, pursuant to sentence four of 42 U.S.C. § 405(g),[4] for further proceedings consistent with the above.

Dated: September 25, 2007
      Syracuse, New York

George H. Lowe
United States Magistrate Judge

-------------------

[3]    It bears mentioning that but for the reason explained above, remand may not necessarily be warranted based upon the arguments raised in Plaintiff's brief.  For example, Plaintiff argues that he had an ongoing relationship with Munir Jabbur, M.D., and although not explicitly stated, it is presumed that Plaintiff thus concludes that Dr. Jabbur's opinions should have been given treating physician weight.  It is unclear, for the reasons set forth in Defendant's brief at pages five through six, as to whether Dr. Jabbur was in fact a treating physician.  To the extent this needs to be examined upon remand, the Court presumes the ALJ will do so.

    The same holds true for Plaintiff's argument regarding his mental impairment. Plaintiff argues that the ALJ should have sought clarification with regard to Plaintiff's schizophrenia "especially since it was raised from the 70% disability awarded by the VA in the 1970's to 100% disability after the date last insured (Record, Pages 237-238)." (Dkt. No. 8 at 4.) Defendant cites to 20 C.F.R. § 404.1504 for the proposition that the determination regarding veteran's benefits is not binding on the Commissioner's decision as to whether Plaintiff  is entitled to benefits. (Dkt. No. 11 at 9-10.)  Defendant further argues that the record provides substantial evidence that Plaintiff's mental impairment was not disabling.  (*Id.* at 10-14.)

    In sum, Plaintiff's brief does not clearly set forth his arguments nor does it provide any legal authority to support them.  This is not in accordance with General Order No. 18 of this District.

[4]    Sentence four reads "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."  42 U.S.C. § 405(g).